IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON COLEMAN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:10-cv-1016-MEF |
| | ) |
| KATHY HOLT, et al., | ) |
| | ) (WO-Do Not Publish) |
| DEFENDANTS. | ) |

**<u>ORDER</u>**

Plaintiff brings suit against various officials of the Alabama Department of Corrections in their individual and official capacities. After his conviction on drug charges, Plaintiff received a sentence of imprisonment. Plaintiff alleges that the officials of the Alabama Department of Corrections denied him good time credit off his sentence and consequently, Plaintiff was not released from prison as soon as he otherwise would have been. Defendants' Motion to Dismiss (Doc. # 13) argues that Plaintiff's Complaint is due to be dismissed on a variety of grounds from statute of limitations to immunity. Plaintiff opposes the motion and in the alternative asks for leave to amend the complaint.

The Court is troubled by certain glaring deficiencies in the Complaint. While the first paragraph mentions a claim for injunctive relief, the rest of the Complaint seeks no injunctive relief, nor can the Court imagine what injunctive relief it could provide as a remedy for the harm alleged. Plaintiff utterly fails to explain what intentional acts of the named Defendants caused him harm. Plaintiff fails to adequately express the nature of the causes of action he

intends to bring and whether they arise under state law or federal law. Plaintiff seeks damages from state officials in their official capacity, a relief that is barred by several well-established legal doctrines. Simply put, this lawsuit is neither well thought out, nor well-pleaded. Nevertheless, the Court is mindful that Plaintiff's counsel has requested a chance to amend the Complaint and is reluctant to punish a litigant for the inadequacies of his chosen counsel. Accordingly, it is hereby ORDERED as follows:

1. On or before May 16, 2011, Plaintiff shall file an Amended Complaint. In amending her allegations, Plaintiff should be mindful of the Defendants' contentions regarding deficiencies in the Complaint as well as the procedural standards and rules applicable in a federal court, including the doctrine of qualified immunity.

2. Defendants' Motion to Dismiss (Doc. # 13) is DENIED as MOOT as it is directed at the allegations of the Complaint which will be supplanted by an Amended Complaint.

DONE this the 4th day of May, 2011.

    /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE