IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEON COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:10-cv-1016-MEF |
| | ) | (WO) |
| KATHY HOLT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leon Coleman filed a 42 U.S.C. § 1983 Amended Complaint (Doc. # 18) alleging that Defendants Kathy Holt, Terry McDonnell, Richard Allen, Vernon Barnett, and J.C. Giles (collectively "Defendants"), acting in their individual and official capacities as officers in the Alabama Department of Corrections, violated his Fourteenth Amendment due process rights by refusing to award him good time while serving a state prison sentence. (Am. Compl. ¶ 20.)  Before the court is Defendants' Motion to Dismiss (Doc. # 20), which is fully-briefed and ripe for review (Docs. # 22, 23).  Defendants' motion is due to be granted because Plaintiff's claim is barred by the applicable statute of limitations.

### I.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## II.  STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may raise a statute of limitations defense when the complaint shows on its face that the limitations period has run.  *Avco v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982); *see also Bhd. of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) ("A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.").

In assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true and construe them in a light most favorable to the plaintiff.  *See Baloco ex rel. Tapia v. Drummond Co., Inc.*, 640 F.3d 1338, 1344-45 (11th Cir. 2011).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  In addition to considering the properly

pleaded allegations in a complaint, the court may also consider on a motion to dismiss any exhibits attached to the complaint, *see Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005), as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.  BACKGROUND

On October 31, 2006, Coleman was sentenced to three years custody in the Alabama Department of Corrections ("ADOC") for possession of a controlled substance, a class C felony under Alabama law, Ala. Code. § 13A-12-212, and to six months suspended for possession of marijuana 2nd degree, a class A misdemeanor under Alabama law, Ala. Code § 13A-12-214.  (Am. Compl. ¶ 6.)  Coleman began serving his sentence on April 2, 2007. (Am. Compl. ¶ 7.)  At some point soon thereafter, Coleman became aware of and requested to know why he was not receiving "good time" in compliance with Ala. Code § 14-9-41.[1] In response, he received a letter from Defendant Kathy Holt of ADOC's Central Records Division which stated, in part:  "You will not earn good time on your case because it is a split sentence and one is a Class A felony."  (March 12, 2008 Letter.)  Defendant Holt explained

---

[1]  The Amended Complaint states that "Plaintiff began inquiring why he was not receiving good time" on "December 2, 2008[.]"  (Am. Compl. ¶ 8.)  As evidenced by Plaintiff's response brief to Defendants' motion to dismiss as well as the March 12, 2008 letter from Defendant Holt to Plaintiff that is attached to the Amended Complaint, the date provided in this factual allegation – December 2, 2008 – is clearly a drafting error.  (Pl.'s Resp. 3 (Doc. # 22) ("Sometime prior to March of 2008[,] Plaintiff started inquiring as to why he was not receiving good time . . . ."); March 12, 2008 Letter (Am. Compl., Ex. A) ("In response to your recent request . . . .").)

that "[g]ood time is not earned on cases that are over 15 years, Class A felonies, or split sentences."  (Id.)

Of course, Coleman did not receive a split sentence (a sentence consisting of imprisonment and probation) and his possession of marijuana 2nd degree conviction was a class A misdemeanor, not a class A felony.  (Am. Compl., Exs. B & C.)  Because of ADOC's error, Coleman alleges that he was not awarded "good time," and that, as a result, he "served approximately [two] years more than he should have . . . ."  (Am. Compl. ¶¶ 13, 14.) Coleman filed his initial Complaint on December 1, 2010, and seeks $500,000 in damages in this lawsuit.

## IV.  DISCUSSION

"'All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.'"  *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (quoting *McNair*, 515 F.3d at 1173).  Because Alabama's statute of limitations governing general tort actions is two years, *see* Ala. Code § 6-2-38(l), Coleman must have brought these claims within two years of their accrual date.  *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989).

"The statute of limitations on a [§] 1983 claim begins to run when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'"  *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011) (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)).  By Coleman's

own admission, he was aware of his claim at some point before March of 2008. (Am. Compl. ¶¶ 8,9; March 12, 2008 Letter; Pl.'s Resp. 3.) From that date, Coleman had two years to file his § 1983 claim. He did not. His initial Complaint (Doc. # 1) was filed on December 1, 2010, and it is barred by the statute of limitations.

However, Coleman attempts to revive his stale claim by arguing that his cause of action did not accrue until he began to suffer damages from the alleged constitutional violation. (Pl.'s Resp. 10.) In other words, Coleman argues that it was not until he would have been released with a proper application of good time credit, but was not, that his claim accrued. That this argument is without merit is demonstrated by simple analogy to the jurisprudence regarding § 1983 Eighth Amendment method of execution claims. If Coleman's statute of limitations argument were to be accepted and applied in this context, a condemned inmate's method of execution claim would not ripen until the moment he is executed. This would create unjust results, which is why it is not the law. *See, e.g., McNair*, 515 F.3d at 1173. Plaintiff's moment-of-injury argument is due to be rejected.[2][3]

---

[2] Plaintiff does not argue that ADOC's refusal to apply good time credit constituted a continuing violation. Furthermore, the Court is unaware of any decision that would support such an argument. *See Adair v. Lewis*, No. 91-15739, 952 F.2d 1399 (9th Cir. 1992) (unpublished table decision) (rejecting argument); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (stating that "district courts cannot concoct . . . arguments neither made nor advanced by the parties").

[3] Because Plaintiff's Complaint is barred by the statute of limitations, the Court need not consider and expresses no opinion on Defendants' other grounds for dismissal.

## V.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' Motion to Dismiss (Doc. # 20) is GRANTED.   Plaintiff's Amended Complaint (Doc. # 18) is DISMISSED with prejudice.

An appropriate final judgment will be entered.

DONE this 13th day of December, 2011.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE
